**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEVON DANTE HARRIS, JR.<br><br>Plaintiff,<br><br>v.<br><br>BUREAU OF PRISONS, et al.,<br><br>Defendants. | Case No.: 1:17-cv-01684-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 8] |

Plaintiff Devon Dante Harris, Jr. is proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

Currently before the Court is Plaintiff's first complaint, filed March 28, 2018.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names the following individuals as Defendants: Warden at Nevada Southern Detention Facility; Director of Bureau of Prisons; Director of the United States Department of Justice; Warden at Fresno County Jail; Warden at Lerdo Pre-Trial Facility; Director of United States Probation Department; Director of United States Marshal; Warden at United States Penitentiary in Lompoc, California; Major of City of Fresno; Major of City of Lompoc, Mayor of City of Bakersfield; Major of City of Pahrump Nevada; Governor of the State of California; and Governor of the State of Nevada.

While Plaintiff was housed at the United States Penitentiary in Lompoc, California, correctional officers tried to break his writ and sprayed him numerous times with pepper spray. Plaintiff's wrist was slammed shut in the feeding slot which is visible on a closed-circuit camera system at the institution.

Plaintiff was subjected to unlawful detention from April 17, 2017 to December 20, 2017-when the United States Court of Appeals for the Ninth Circuit overturned Plaintiff's conviction.

Plaintiff was subjected to equal protection because he was unlawfully imprisoned in numerous federal United States institutions and was housed with murderers, rapists and gang members.

Plaintiff was subjected to false imprisonment. On March 27, 2017, Plaintiff was ordered to serve six months in the custody of the Bureau of Prison, and after nineteen days of his final sentence Plaintiff was re-sentenced to serve eighteen months in custody. Plaintiff appealed to the United States Court of Appeals for the Ninth Circuit, and his sentence of eighteen months was reversed and the six-month term was ordered reinstated. Plaintiff was imprisoned falsely for a total of eight months.

### III.
### DISCUSSION

**A.     Excessive Force Claim**

Plaintiff contends that he was subjected to excessive while he was confined at the United States Penitentiary in Lompoc, California.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In this case, Plaintiff asserts claims against officers at the United States Penitentiary in Lompoc, California while he was in custody in Santa Barbara County. Thus, none of these Defendants reside in this district, and Plaintiff's claim arose in Santa Barbara County, which is in the Central District of California. Therefore, if Plaintiff intends to pursue this claim, he must do so in the United States District Court for the Central District of California.

///
///
///

**B.     Unlawful Detention/False Imprisonment**

The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake. Wilkinson v. Austin, 545 U.S. 209, 221 (2005).

The elements "'of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief.'" Young v. County of Los Angeles, 655 F.3d 1156, 1169 (9th Cir. 2011) (quoting Easton v. Sutter Coast Hospital, 80 Cal.App.4th 485, 496 (Ct. App. 2000)).

Plaintiff has failed to state a cognizable claim for unlawful detention or false imprisonment. Plaintiff was provided with all the due process for which he was entitled as he appealed his conviction and the case was remanded for re-sentencing. See United States v. Devon Dante Harris, Case No. 1:15-cr-00140-LJO-1; ECF No. 100.[1] Further, there is no basis to find that Plaintiff was falsely imprisoned because it was a sentencing error which was corrected on remand from the appellate court and Plaintiff was released forthwith. Id. Accordingly, Plaintiff fails to state a cognizable claim for relief and this claim should be dismissed without leave to amend.

**C.     Equal Protection**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class. Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

Plaintiff fails to set forth any factual basis to state a cognizable equal protection claim. First, Plaintiff fails to demonstrate that he is a member of a protected class. Second, the fact that Plaintiff

---

[1] Court may take judicial notice of its own records in other cases. Fed. R. Evid. 201(b)(2); United States v. Wilson, 631 F.2d 118, 119-20 (9th Cir. 1980).

was housed with other inmates who may not have committed the same type of crime as him does not give rise to a claim under the Equal Protection Clause. Accordingly, Plaintiff fails to state a cognizable claim for relief.

### D. Negligence

"Under California law, '[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'" Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (quoting McGarry v. Sax, 158 Cal.App.4th 983, 994, 70 Cal.Rptr.3d 519 (2008) (internal quotations omitted)).

The "plain language" of 28 U.S.C. § 1367(a) "makes clear that supplemental jurisdiction may only be invoked when the district court has the hook of original jurisdiction on which to hang it." Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001). Because Plaintiff has failed to state a cognizable federal claim, the Court will not review his claim of negligence.

## IV.

## CONCLUSION AND RECOMMENDATION

For the reasons explained above, Plaintiff fails to state a cognizable claim for relief. Although the Court would generally grant Plaintiff leave to amend in light of his pro se status, based on the nature of Plaintiff's allegations amendment is futile in this instance because the deficiencies cannot be cured by amendment. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend)

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant action be dismissed, without leave to amend, for failure to state a cognizable claim for relief; and

2. The Clerk of Court is directed to randomly assign a District Judge to this action.

///
///

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 10, 2018**

UNITED STATES MAGISTRATE JUDGE