| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| EASTERN DISTRICT OF CALIFORNIA | |
| GUILLERMO TRUJILLO CRUZ,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>S. SAVOIE,<br><br>　　　　　　Defendant. | Case No. 1:17-cv-01474-DAD-BAM (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Guillermo Trujillo Cruz ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint, filed on November 2, 2017, is currently before the Court for screening. (ECF No. 1.)

**I.　Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at Pelican Bay State Prison in Crescent City, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at Kern Valley State Prison ("KVSP"). Plaintiff names Correctional Officer S. Savoie, a KVSP employee, as the sole defendant in this action.

Claim I

In Claim I, Plaintiff alleges that Officer Savoie sexually harassed him in violation of his Fourth Amendment rights. In relevant part, Plaintiff alleges that on April 7, 2016, Officer Savoie verbally sexually harassed him during third watch security bunk checks and mail pass out. Officer Savoie reportedly tried to get Plaintiff to expose his genitals. On the following day, April 8, 2016, Officer Savoie again tried to get Plaintiff to expose himself to her during afternoon showers, telling Plaintiff that she wanted to see his penis and to take off his boxer shorts. Once Officer Savoie knew that Plaintiff was not complying with her requests, she started to foment false rumors to her co-worker, Officer I. Ruiz, that Plaintiff exposed himself to her. Plaintiff believes that Officer Savoie's request to expose himself was for the purpose of blackmailing him

and manipulating his program.

On April 22, 2016, when Plaintiff filed his grievance against Officer Savoie for sexual misconduct, he knew that she would deny all written statements and allegations against her. Plaintiff made a formal request to the I.S.U. unit at KVSP to conduct a polygraph examination of Officer Savoie. Plaintiff also became aware that Lt. Moreno and Sgt. J. Melvin, who were designated to investigate the complaint, did not report the incident or information to the highest ranking official on duty who, in turn, should notify the office of internal affairs to cease this type of behavior.

Claim II

In Claim II, Plaintiff alleges retaliation in violation of his First Amendment rights. In relevant part, Plaintiff contends that on April 27, 2016, Officer Savoie retaliated against him for filing a 602 grievance. Officer Savoie allegedly filed a false Rule Violation Report against Plaintiff for overfamiliarity with staff. Plaintiff asserts that Officer Savoie knew that if a Southern Hispanic inmate was falsely accused of any sex crime or similar infraction, then that inmate could be considered a "no good" Southern Hispanic and could be targeted in any general population. Plaintiff further asserts that it was for this reason Officer Savoie requested Plaintiff's removal and transfer by stating in her report that because of Plaintiff's statements and behavior she felt unsafe with him on the facility. Officer Savoie reportedly knew that the Rule Violation Report would get Plaintiff targeted and assaulted.

Claim III

In Claim III, Plaintiff contends that Officer Savoie used excessive force against him in violation of the Eighth Amendment. In relevant part, Plaintiff alleges that on July 29, 2016, he was transferred from KVSP to North Kern Valley State Prison due to Officer Savoie's allegedly false statements in the Rule Violation Report.

On August 11, 2016, Plaintiff asserts that Officer Savoie maliciously and sadistically got him assaulted at High Desert State Prison by sending messages to prison officials there indicating that her statements in the Rule Violation Report were true. Plaintiff was stabbed by other inmtes multiple times to the facial area, right side neck area, hands and arms. Plaintiff was air lifted via

3

helicopter to an outside hospital. Plaintiff believes that Officer Savoie should be held liable for the injuries he sustained as she reportedly knew that when a Southern Hispanic inmate is falsely accused of any sex crime or similar infraction, then the inmate can be considered "no good" and easily be targeted for assault.

Requested Relief

Plaintiff seeks declaratory relief, along with compensatory and punitive damages.

**III. Discussion**

**A. Eighth Amendment – Verbal Sexual Harassment**

Plaintiff's allegations regarding sexual harassment implicate the Eighth Amendment to the United States Constitution, not the Fourth Amendment. Sexual harassment or abuse of an inmate by a prison official is a violation of the Eighth Amendment. Wood v. Beauclair, 692 F.3d 1041, 1046 (9th Cir. 2012). However, the Eighth Amendment's protections do not generally extend to mere verbal sexual harassment. See Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004); Blueford v. Prunty, 108 F.3d 251, 256 (9th Cir. 1997) (affirming summary judgement in favor of prison officials where "the only arguably sexually harassing conduct… was verbal"); Blacher v. Johnson, 517 Fed.Appx. 564 (9th Cir. 2013) (finding that Eighth Amendment's protections did not extend to mere verbal sexual harassment) (citation omitted).

Plaintiff has failed to state a cognizable Eighth Amendment claim based on allegations of verbal sexual harassment. This deficiency does not appear capable of correction by amendment. Nonetheless, Plaintiff may amend this claim to the extent he is able to do so in good faith.

**B. Retaliation – False Report**

Generally, a prisoner's claims based on allegations that prison officials filed false disciplinary charges, standing alone, does not state a constitutional claim. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). However, the Ninth Circuit has held that the filing of a disciplinary charge against a prisoner, although otherwise not actionable under section 1983, is "actionable under section 1983 if done in retaliation for [the prisoner] having filed a grievance pursuant to established procedures. Id. At the pleading stage, Plaintiff fails to state a cognizable section 1983 claim based on the issuance of an allegedly false disciplinary report in retaliation for

4

his filing of grievances/complaints against Officer Savoie. Plaintiff's allegations are ambiguous that Officer Savoie knew of Plaintiff's 602. Plaintiff must allege more clearly that Officer Savoie knew that Plaintiff had filed a 602 grievance against her. Leave to amend will be granted.

**C. Excessive Force**

Plaintiff attempts to assert an excessive force claim against Officer Savoie based on an attack Plaintiff suffered at the hands of other inmates at High Desert State Prison. However, the Court instead construes Plaintiff's excessive force claim as one for failure to protect him from violence at the hands of other inmates in violation of the Eighth Amendment.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care and personal safety. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.2000). Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer v. Brennan, 511 U.S. 825, 83334, 114 S.Ct. 1970, 28 L.Ed.2d 811 (1994); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir.2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir.2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841; Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

Here, Plaintiff fails to adequately allege that Officer Savoie knew of any specific risk of harm to Plaintiff from an assault by other prisoners at High Desert State Prison. This is particularly true given that Plaintiff was initially transferred from KVSP to North Kern State Prison, not High Desert State Prison Further, Plaintiff's assertions that Officer Savoie sent "messages" to prison officials at High Desert State Prison are not sufficient to demonstrate that Officer Savoie knew of a substantial risk of serious harm. At a minimum, there is no indication

5

that other prisoners knew of the purported messages from Officer Savoie, that prison officials at High Desert State Prison conveyed those messages to prisoners at High Desert State Prison, or that prisoners at High Desert State Prison knew that Plaintiff had been found guilty of a Rules Violation Report for overfamiliarity with staff. Plaintiff will be given leave to amend this claim to the extent he is able to do so in good faith.

### D. Declaratory Relief

In addition to monetary damages, Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).

In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

### IV. Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no

"buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order (or file a notice of voluntary dismissal); and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **May 10, 2018**          /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE