**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEVON DANTE HARRIS, JR.<br><br>Plaintiff,<br><br>v.<br><br>BUREAU OF PRISONS, et al.,<br><br>Defendants. | Case No.: 1:17-cv-01684-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED<br><br>[ECF No. 15] |

Plaintiff Devon Dante Harris, Jr. is proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

On May 18, 2017, Plaintiff filed a motion requesting "investigation of torture, retaliation, inhumane treatment, denial of health care, etc." (ECF No. 15.)

On May 11, 2018, the undersigned issued a Findings and Recommendation recommending that this action be dismissed for failure to state a cognizable claim for relief. (ECF No. 11.)

In the instant motion, Plaintiff indicates that he is currently in custody at the Kern County Jail in Bakersfield, California, and he been subjected to retaliation and denied access to legal assistance, telephone communication, outdoor exercise and health care. (ECF No. 15.) The Court construes Plaintiff's motion as a request for a preliminary injunction.

///

///

1

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. Univ. of Texas v. Camenisch, 451 U.S. 390, 395, 101 S. Ct. 1830, 68 L. Ed. 2d 175 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997) (quotations and citations omitted) (emphasis in original).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S. Ct. 752, 70 L. Ed. 2d 700 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Lyons, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985).

The pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Institute, 555 U.S. 488, 491–93, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491–93; Mayfield, 599 F.3d at 969.

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. As previously stated, on May 11, 2018, the undersigned issued a Findings and Recommendation to dismiss the action for failure to state a cognizable claim for relief. Federal courts are courts of limited

jurisdiction, <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375, 377 (1994), and the Court lacks the jurisdiction to issue any orders regarding Plaintiff's current conditions of confinement. 18 U.S.C. § 3626(a)(1)(A); <u>Summers v. Earth Island Institute</u>, 555 U.S. 488, 493 (2009); <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992); <u>Mayfield v. United States</u>, 599 F.3d 964, 969 (9th Cir. 2010). In addition, because there is no justiciable case or controversy, Plaintiff has no standing to seek preliminary injunctive relief and his motion must be denied. <u>Summers v. Earth Island Institute</u>, 555 U.S. 488, 493 (2009); <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 559-61 (1992); <u>Mayfield v. United States</u>, 599 F.3d 964, 969 (9th Cir. 2010).

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for a temporary restraining order be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 21, 2018**

UNITED STATES MAGISTRATE JUDGE